**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1896-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

TROY BUNERO,

     Defendant-Appellant.

_____

Submitted February 24, 2021 – Decided May 3, 2021

Before Judges Sumners and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 14-02-0010.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Daniel Finkelstein, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

On June 30, 2015, a jury found defendant Troy Bunero guilty of second-degree conspiracy, N.J.S.A. 2C:5-2; two counts of second-degree official misconduct, N.J.S.A. 2C:30-2; second-degree pattern of official misconduct, N.J.S.A. 2C:30-7(a); third-degree theft by unlawful taking or disposition, N.J.S.A. 2C:20-3(a); third-degree misapplication of entrusted government property, N.J.S.A. 2C:21-15; third-degree tampering with public records, N.J.S.A. 2C:28-7(a)(1) and (2); and fourth-degree tampering with records, N.J.S.A. 2C:21-4(a).[1] Defendant was sentenced to an aggregate five-year prison term. His direct appeal of his convictions was unsuccessful. State v. Bunero, No. A-2126-15 (App. Div. Apr. 2) (slip op. at 3), certif. denied, 235 N.J. 464 (2018).

Defendant then filed a post-conviction relief (PCR) petition alleging trial counsel

> was ineffective for presenting a non-viable "economic duress" defense, failing to conduct an investigation about physical actions by [his supervisor] which could have supported an actual duress defense, and failing to communicate with him adequately, all of which led to an uninformed decision about exercising his right to testify in order to support a viable duress defense.

---

[1] Co-defendant Francis Longo was tried with defendant and convicted of the same offenses except third-degree tampering with public records and fourth degree tampering with records. State v. Longo, No. A-1769-15 (Apr. 2, 2018) (slip op. at 3).

The PCR judge dismissed the petition without an evidentiary hearing.

In his appeal, defendant argues:

> POINT I
>
> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT COUNSEL RENDERED INEFFECTIVE ASSISTANCE REGARDING A DURESS DEFENSE, WHICH LED TO A FUNDAMENTALLY UNFAIR TRIAL.
>
> POINT II
>
> THIS MATTER MUST BE REMANDED FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW ON [DEFENDANT'S] CLAIM THAT COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO OBJECT TO A JURY CHARGE ON THEFT OF SERVICES. (RAISED BELOW BUT NOT RULED ON)

Having considered these arguments, the record, and the applicable law, we affirm.

I

The State presented evidence that defendant, supervisor of the North Bergen Department of Public Works (DPW) sweeper program, authorized regular and overtime salary payments of DPW employees for performing private work outside the scope of their employment, i.e., working on homes owned by

A-1896-19

defendants and his supervisor DPW Superintendent James Wiley, clearing snow at defendant's home, and working on various elections in November 2008, May 2009, and November 2010. The State also presented video evidence that, during work, defendant removed election campaign literature off the doorknob of a home, hid it behind his back, and drove away in a DPW truck. Wiley, who reached a plea bargain with the State requiring his testimony against defendant and Longo, testified that, on his orders, defendant removed campaign literature from homes many times.

Defendant did not testify but presented witnesses' testimony that DPW workers did not work on his home or Wiley's home while on the DPW payroll. His counsel argued that Wiley was the wrongdoer, not defendant, for ordering and authorizing the payment of DPW workers for working at Wiley's home and on elections.

The State objected to the trial judge's sua sponte ruling to instruct the jury on the affirmative defense of duress, N.J.S.A. 2C:2-9(a). The judge denied the State's request to stay the trial pending its emergent motion to file an interlocutory appeal. In a letter opinion, the judge stated:

> Several witnesses in this matter have testified that employees of the North Bergen Public Works Department, similarly situated with these defendants, were routinely required to perform illegal acts under

threat of termination. They have uniformly testified that the source of these threats came from persons holding positions of authority superior to these defendants, most frequently from the state's cooperating witness, James Wiley.

In addition to the termination threats, there is testimony before this jury that Mr. Wiley, the Superintendent of the Department, imposed serious economic penalties upon workers who refused to comply with his demands – even in a social context . . . . The political environment then existing in North Bergen left [them] no avenue of appeal.

Finally, there is testimony in the case that even political opponents of the administration believed that resort[ing] to the police department or higher officials would be fruitless insofar as the corruption of the government was rampant and unchecked.

After allowing the State to file an emergent motion for leave to appeal and staying the trial, this court granted the State's motion. We summarily reversed "[t]he decision of the trial court to charge the jury on the affirmative defense of duress under N.J.S.A. 2C:2-9(a)." We reasoned that "[a] plain reading of our duress statute requires a defendant to have acted due to the threat, or actual use, of physical force; the text of the statute does not support use of this affirmative defense in response to 'economic duress.'" Because there was no evidence of a threat or use of physical force against defendant, the charge was not appropriate.

A-1896-19

II

Defendant reiterates the arguments he made before the PCR judge. He argues trial counsel provided ineffective assistance by failing to perfect an affirmative defense of economic duress through an investigation of Wiley's threats and use of physical force, and in turn kept him from exercising his right to testify. He also argues counsel never provided any legal support to the trial judge to present the defense of duress, which the judge brought up at "the beginning" of the trial. Defendant further asserts the State was able to undermine his defense because counsel emphasized duress, which this court decided was not viable given the evidence presented. We are unpersuaded.

The record fully substantiates that the PCR judge did not abuse his discretion in denying relief without an evidentiary hearing pertaining to the duress defense. The judge properly applied the well-settled two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), that a defendant must first show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687); and second, he must prove that he suffered prejudice due to counsel's deficient performance, Strickland, 466 U.S. at 687,

691-92.  The judge found that under State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999), some of defendant's contentions were nothing more than bald assertions without any factual support, and he thereby failed to establish a prima facie case of ineffective assistance of counsel warranting an evidentiary hearing.  See also State v. Preciose, 129 N.J. 451, 462 (1992); State v. Porter, 216 N.J. 343, 354 (2013) (holding an evidentiary hearing need only be conducted if there are disputed issues as to material facts regarding entitlement to PCR that cannot be resolved based on the existing record).

Defendant's claim that counsel's trial strategy of trying to convince the jury he was not guilty because his conduct was ordered by Wiley does not demonstrate ineffective assistance.  Our courts apply a strong presumption that a defense counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Strickland, 466 U.S. at 690.  "[C]omplaints 'merely of matters of trial strategy' will not serve to ground a constitutional claim of inadequacy . . . ."  Fritz, 105 N.J. at 54 (quoting State v. Williams, 39 N.J. 471, 489 (1963)); see also State v. Echols, 199 N.J. 344, 358 (2009).  "As a general rule, strategic miscalculations or trial mistakes are insufficient to warrant reversal 'except in those rare instances where they are of such magnitude as to thwart the fundamental guarantee of [a] fair trial.'"  State

A-1896-19

v. Castagna, 187 N.J. 293, 314-15 (2006) (quoting State v. Buonadonna, 122 N.J. 22, 42 (1991)).

Defendant has not shown that counsel presented a non-viable defense of duress before the trial judge intervened to tell the parties he would charge the jury the affirmative defense of duress. In fact, we pointedly addressed this issue on direct appeal, stating:

> Both defendants[2] argue that they were unfairly surprised when the State filed its interlocutory appeal on the duress issue, and that the timing of that appeal prejudiced the defense. We cannot agree. Neither defendant filed the required pre-trial notice that he would present a duress defense. See R. 3:12-1. Moreover, in their opening statements, which offered a window into their trial strategy, the defense attorneys never stated or even suggested a legally cognizable theory of duress.
>
> In addressing the jury, defense counsel made no mention of any physical threats or physical coercion against either defendant. Rather, they told the jury that defendants were merely following orders from their politically-motivated superior, Wiley, in order to avoid losing their jobs. Defense counsel also sought to minimize the seriousness of the charges against defendants, and to portray them as ordinary workers rather than as supervisors. They contended that the prosecution was unfair and politically motivated and that the State's witnesses were biased. They criticized the State for giving Wiley a lenient plea deal in return for his cooperation in prosecuting his low-level

---

[2] Defendant and Longo.

A-1896-19

subordinates. Nothing in the defense attorneys' opening statements suggested that defendants might have a viable duress defense.

Moreover, there was no trial testimony that defendants were subjected to physical coercion. For example, Wiley's brother-in-law, who was also a DPW laborer, testified that Wiley could be "violent" and "vicious." However, the concrete examples the witness gave were that Wiley cursed at his subordinates, including defendants, and would fire or reassign employees who displeased him.

At oral argument of this appeal, the attorneys advised us that shortly after the trial started, on June 2, 2015, the judge sua sponte raised the duress issue off the record in chambers. Apparently, the attorneys and the judge continued to informally discuss a possible duress charge off the record, as the trial was proceeding.

The issue was first mentioned on the record on June 16, 2015, after all parties rested. The prosecutor stated that, based on his legal research, economic coercion would not support a duress defense. The judge disagreed, but noted that he had asked the attorneys to submit proposed charge language "two weeks ago," and none of them did so. Thereafter, the State asked the judge to sign an order so that it could move for leave to appeal on the duress issue. The motion was filed on June 17, 2015. We granted the motion, stayed the trial, and summarily reversed the trial court's order on June 22, 2015.

Defense counsel presented their summations on June 23, 2015, without first seeking any further relief from the trial court. They did not raise the issue of surprise, request a mistrial, or ask for leave to reopen

A-1896-19

the evidentiary portion of the trial in order to present testimony from their clients. From the record we have, we infer that the latter course was not an option because their clients could not truthfully testify about any physical threats. <u>To be blunt, nothing presented to us remotely suggests that defendants had a viable duress defense that they refrained from presenting, in reliance on the trial court's sua sponte off-the-record comments about giving a duress charge.</u>

<u>The trial court's mistaken comments raised defendants' hopes for a duress charge–to which they were not entitled</u> – and this court's interlocutory opinion dashed those hopes. However, on this record, we find no unfair surprise or prejudice.

[<u>Bunero</u>, slip. op. at 12-14 (emphasis added) (footnote omitted).]

In addition, the record this court considered on the State's emergent motion and this PCR appeal does not support defendant's contention that counsel provided ineffective representation by arguing the non-viable affirmative defense of duress.

Defendant also fails to show that he was prejudiced by counsel's performance. He maintains he would have testified had counsel researched the duress defense and investigated to obtain evidence of threats and use of physical harm in order to present the defense. Yet defendant's certification in support of PCR fails to set forth any facts that Wiley threatened him with or used physical harm to force him to order DPW workers to perform private work and to

10 <span>A-1896-19</span>

authorize public funds to compensate them for that work. Because the certification does not contend defendant's conduct was due to threats or use of physical harm, there is no factual basis to find a reasonable probability of a different outcome, had he testified. Moreover, defendant has not presented any indication that counsel's investigation would have revealed Wiley made threats of or used physical harm to compel defendant's misconduct. In short, defendant's bald assertions do not support PCR relief.

### III

Defendant's last claim is "that counsel was ineffective for failing to object to the court's [jury] charge on theft of services when the indictment charged theft by [unlawful] taking." Defendant contends the PCR judge failed to comply with Rules 1:7-4(a) and 3:22-11 by not setting forth his findings of fact and conclusions of law regarding defendant's claim. Because the judge did not address the contention, we remand this issue so that he can submit an opinion or memorandum in compliance with our rules.

Affirmed in part and remanded in part for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

11                                                          A-1896-19